## The D. J. Foley.*

(*District Court, E. D. Pennsylvania.* June 13, 1882.)

ADMIRALTY—SERVICE OF TUGS IN BREAKING ICE—AMOUNT OF COMPENSATION.

A tender is evidence that something is due, an acknowledgment of the fact; and where the evidence as to the service is in irreconcilable conflict the court will exercise its discretion as to its value.

Libel by the owners of the tugs Argonauta and Markee against the steamer D. J. Foley, to recover compensation for services rendered.

It appeared that the steamer, while on a voyage from Philadelphia to Honduras, found, after leaving the Delaware breakwater, that her stem had been cut by the ice. She put back to the breakwater, leaking, and was there frozen in and unable to proceed. Her captain telegraphed to the owners that he could reach New York with less difficulty than he could reach Philadelphia, and he was thereupon ordered to New York. Subsequently he telegraphed that he could probably reach Philadelphia, but to this he received no reply. The tugs Argonauta and Markee, which, subsequently to the arrival of the steamer, arrived at the breakwater, broke a channel for the steamer and assisted in turning her, whereupon she proceeded to New York. The testimony as to the circumstances under which the assistance was rendered was conflicting, the libellants asserting that it was rendered under the belief, induced by the captain of the steamer, that their services were required to tow the steamer to Philadelphia, and respondents alleging that they never made any contract for towage, and that the breaking of the ice by the tugs was not done for the benefit of the steamer, but was the necessary conse-

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

quence of the tugs working their way into the breakwater, whither they were bound for employment. After libellants had made demand for compensation, the respondents offered them $100 as a "gratuity" for the services, which offer was declined.

*Theodore M. Etting* and *Henry R. Edmunds*, for libellants.

*Henry G. Ward* and *Alfred Moore*, for respondents.

BUTLER, D. J. It is difficult to reach a satisfactory conclusion in this case. The testimony is in direct, irreconcilable conflict. All that can be determined with certainty is that the libellant did render valuable services to the respondent. The precise situation of respondent, the extent of danger and necessity for aid, and the circumstances under which the libellant afforded assistance, cannot be ascertained. For the services a bill of $250 was presented, and the respondent tendered $100. It is not very important that this tender was called a "gratuity." It is evidence that something was due—an acknowledgment of this fact. Considering all the circumstances involved, I think it is safe to say the libellant should receive $180; and the evidence does not seem to warrant more. A decree will be entered for this sum.